IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 5:20 CR 297 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| MATTHEW PAUL SLATZER, | ) | UNITED STATES' SENTENCING |
| | ) | MEMORANDUM |
| Defendant. | ) | |

Now comes the United States of America, by and through its counsel, Justin E. Herdman, United States Attorney for the Northern District of Ohio, and Toni Beth Schnellinger Feisthamel, Assistant United States Attorney, and hereby submits this sentencing memorandum. For the reasons described below, the government recommends that the Court sentence the Defendant, Matthew Paul Slatzer, to a term of imprisonment within the sentencing guidelines range and three years of supervised release.

Defendant, Matthew Paul Slatzer, has entered a plea without a plea agreement to one count of Possession of a Firearm by a Person with a Domestic Violence Conviction in violation of 18 U.S.C. §922(g)(9). Slatzer faces a maximum sentence of ten years imprisonment. According to the Presentence Investigation Report ("PSR"), Slatzer's guideline imprisonment range is 21 to 27 months. (DOC# 24: PSR, PageID#: 100).

**FACTUAL BACKGROUND**

On February 2, 2020, Canton Police Department officers responded to a bar on Harrison Avenue SW, Canton, Ohio for an intoxicated man with a firearm. The bar manager gave the man, Matthew Paul Slatzer, an option to leave or give the bar manager the firearm. Slatzer gave the loaded firearm to the bar manager who locked it in an office. Canton Police officers arrived at the bar and contacted Slatzer, who was intoxicated. Officers collected the firearm from the bar manager and Slatzer was arrested for possession of a firearm in a liquor permit establishment. Slatzer also possessed a holster, a knife, OC spray and more ammunition for the firearm.

**PROCEDURAL HISTORY**

Slatzer was arrested and charged with one count of Possession of a Firearm in a Liquor Permit Premises as well as other charges in Canton Municipal Court. Slatzer was indicted by Stark County Court of Common Pleas Grand Jury on March 5, 2020. Slatzer was released on pretrial release on March 17, 2020. On May 8, 2020, Slatzer's release was revoked, a capias was issued, and he was arrested on the same day. On June 11, 2020, an indictment for one count of Possession of a Firearm by a Person with Domestic Violence Conviction in violation of 18 U.S.C. §922(g)(9) was filed in the Northern District of Ohio United States District Court against Slatzer. Slatzer was arraigned on June 18, 2020 before this Court. The pending State indictment was dismissed.

**ARGUMENT**

The United States agrees with the probation department's calculation of the United States sentencing guidelines which is as follows:

| 18 U.S.C. § 922(g)(9) Possession of Firearm by a Person Convicted of a Misdemeanor Crime of Domestic Violence | | |
|---|---|---|
| Total Offense Level before Acceptance of Responsibility | 14 | 2K2.1(a)(6)(A) |

## II. SENTENCING RECOMMENDATION AND ANALYSIS OF THE SECTION 3553(a) FACTORS

The government recommends that the Court impose a sentence within the advisory sentencing guidelines which is an appropriate sentence after consideration of all of the factors under 18 U.S.C. §3553(a).

After calculating the advisory guidelines range, the Court must consider the factors listed at 18 U.S.C. § 3553(a). Title 18, United States Code, Section 3553(a) states, in pertinent part:

> (a) Factors to be Considered in Imposing a Sentence.  The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection.  The court, in determining the particular sentence to be imposed, shall consider:
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed;
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentences and the sentencing range established [by the Sentencing Guidelines];
> (5) any pertinent policy statement [from the Sentencing Commission];

        (6) the need to avoid unwarranted sentencing disparities among defendants with similar conduct; and
        (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

    Slatzer possessed a loaded firearm while intoxicated inside a bar. A firearm which Slatzer is prevented from possessing even sober due to a conviction for Domestic Violence. It is widely recognized that firearms and alcohol are a dangerous combination. This is the second time Slatzer has combined alcohol and firearms together as his previous conviction of Carrying Concealed Weapon was connected to a conviction for Using a Weapon while Intoxicated. Further, Slatzer's criminal history, although the convictions themselves are not the most serious crimes, involve dangerous behavior involving guns and alcohol.

    Under 18 U.S.C. § 3553(a)(1), the Court can look at the history and characteristics of Slatzer. Mr. Slatzer has shown that he is anti-semantic and racist. As stated in the "PSR", Slatzer's aunt believes Slatzer belongs to the Klu Klux Klan, dislikes Jewish and Black people. (DOC# 24: PSR, PageID#: 98). Slatzer objected to this information being included in the "PSR" as it is a violation of Slatzer's first amendment to allow Slatzer's beliefs to impact his sentencing. However, it is not Slatzer's beliefs or association which should impact his sentencing. Rather, it is Slatzer's threats and actions which the United States asks this Court to consider when sentencing Slatzer.

    On May 3, 2020, Slatzer was involved in an incident in Stow, Ohio at a Dollar General. This occurred while he was on pretrial release in the State case. Slatzer entered the store with a hatchet and a sword. Slatzer asked the store employee directions to Kent State University. Slatzer told the employee that he was told that there were "a lot of Jews at Kent State." Slatzer

then stated he was an Aryan brother and that he was going to Kent State University to find some Jews. Slatzer made no specific threats of harm beyond the possession of the hatchet and sword. In the case at bar, Slatzer threatened to kill the arresting officers, stating "he would kill each pig one by one" after making racist and homophobic statements. Also, while incarcerated at Northeast Ohio Correctional Center, Slatzer made several alarming phone calls stating that he wanted to "figure out how to smuggle a gun in here" and that when he gets out if he has contact with officers again he will "have to kill 'em."[1]

Slatzer's criminal actions regularly include alcohol, violence, firearms, and hatred. Slatzer's continued threats, even while locked up or out on bond, toward police officers and the Jewish community further exhibit his dangerousness. The United States asks this Court not to consider Slatzer's political views or beliefs but rather consider the danger he poses to the community due to these views and beliefs.

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney

BY: /s/ Toni Beth Schnellinger Feisthamel
Toni Beth Schnellinger Feisthamel
(OH: 0072638)
Assistant United States Attorney
Federal Building
2 South Main Street, Room 208
Akron, OH 44308
(330) 761-0531
Toni.Schnellinger.Feisthamel@usdoj.gov

---

[1] Copies of Slatzer's jail calls are available upon request.

5